Submitted January 4, reversed and remanded for entry of judgment of dismissal February 21, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARY BEDDINGFIELD,
aka Marci Beddingfield,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0801345; A148892

296 P3d 1278

Peter Gartlan, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of felony driving under the influence of intoxicants, ORS 813.010, and driving while suspended, ORS 811.182. On appeal, she argues that the trial court erred in denying her motion to dismiss the indictment on statutory speedy trial grounds, because she was "not brought to trial within a reasonable period of time." ORS 135.747. Specifically, she argues that more than two years passed between the state's issuance of a secret indictment and warrant and her subsequent arrest—a delay attributable to the state, which knew defendant's most recent address but instead attempted to serve the warrant on her at two different addresses.

In response, the state concedes that "26 months elapsed between defendant's indictment and her eventual arrest." The state further agrees with defendant that, "on the record before this court, that 26-month period is properly attributable to the state and that the information in the record does not demonstrate that that delay was reasonable under the circumstances of the case." Accordingly, the state concedes, "the trial court erred in denying defendant's motion to dismiss."

We agree with and accept the state's concession of error. The delay in bringing defendant to trial was unreasonable under the circumstances, and the court should have granted defendant's motion to dismiss. *See State v. Johnson*, 339 Or 69, 89, 116 P3d 879 (2005) (where "nothing in the record * * * supports the conclusion, or even the implication, that there was good cause for the 21-month delay," the state "failed to bring defendant to trial within a 'reasonable period of time' under ORS 135.747"). We therefore reverse and remand.

Reversed and remanded for entry of judgment of dismissal.